11 So.2d 395

BRANNON v. STATE.

1 Div. 419.

Court of Appeals of Alabama.

Jan. 12, 1943.

C. L. Hybart, of Monroeville, for appellant.

Wm. N. McQueen, Atty. Gen., and Walter W. Flowers, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

On early Saturday night a number of negro men assembled or gathered at the railroad station of Drewry, in Monroe County, Alabama, and engaged in a crap game, which lasted throughout the night and until early Sunday morning; during which time, it appears from the evidence, all of the participants of the crap game dropped out, except the two principals involved in this prosecution. That is to say, the deceased, and this appellant. An altercation arose between the two men about a 75¢ bet, a fight followed in which, without dispute, this appellant killed the deceased named in the indictment by cutting and stabbing him with a knife. The wounds upon the body of the deceased were described to the jury by the testimony of several of the witnesses and by the sheriff of the county who, among other things, testified: "He saw the dead man was cut in several places; he saw he was cut in the side of his neck in here, indicating, down here, indicating, and seems like there was one on his arm and that he turned him over and there was a bad one on his side, a long one; that the one he saw on the throat looked like it was a straight stab; went inside; that his head was bruised up and he had cuts about on his head; that he was dead when they got there." The sheriff also testified, after proper predicate, that he had a conversation with defendant (appellant) at the jail when he was brought in, on the day of the killing, and asked him what was the trouble between him and Montgomery that Ezelle said, "Well he had his hand in his pocket and he wouldn't take it out and he just kept cutting him"; that he said that witness had a piece of iron that he didn't tell him at that time that Man Montgomery had a knife drawn on him; said he wouldn't take his hand out of his pocket and gave that as the reason for cutting him. On cross-examination the sheriff testified, among other things, "that he just asked him what the trouble was and why he cut him so; that he said 'he would not take his hand out of his pocket.'" And on redirect examination this witness stated, "that Ezelle didn't tell him that Man Montgomery (deceased) ever hit him or had any weapon of any kind drawn on him; that he didn't tell him that Man Montgomery wasn't advancing on him."

It is conclusively shown by the testimony and admitted by the defendant that he, defendant, received no wound or injury of any kind during the alleged difficulty.

At the fall term 1941 of the circuit court of Monroe County, the grand jury found, and regularly returned into open court, an indictment wherein the defendant was charged with the offense of murder in the first degree, said indictment being filed in court on October 15, 1941.

In answer to the indictment the defendant interposed his plea of "not guilty." The trial was had on October 30, 1941, and resulted in the conviction of the defendant of murder in the second degree, and by its verdict the jury fixed the punishment at imprisonment for ten years. Judgment of conviction was duly and legally pronounced and entered, and in accordance with the verdict of the jury the trial court sentenced the defendant to imprisonment in the penitentiary for a period of ten years. From said judgment this appeal was taken.

As we see it, this case needs no extended opinion. Under defendant's plea, and evidence adduced in support thereof, the question of self-defense, upon which defendant relied, was clearly one for the jury to determine. Upon the whole evidence had upon the trial we are clear to the opinion it was ample and sufficient to warrant the jury in the verdict rendered, and also to support and sustain the judgment of conviction pronounced and entered. No question is presented on the rulings of the court pending the trial. The trial court delivered an excellent oral charge to the jury, fair and impartial in its every phase and to which no exception was reserved. In addition thereto the court gave at the request of defendant numerous special written charges; some eighteen in number. In the action of the court on the several refused charges which included the affirmative charge we find no erroneous ruling of the court. Certainly,

the refusal of the general affirmative charge was without semblance of error. From what has been said this clearly appears. As to the other charges refused to defendant we have only to say that all of said charges which contained correct statements of the law were fairly and substantially covered by the oral charge and by the special charges given at request of defendant.

The motion for a new trial based upon the grounds (1) "That the verdict of the jury was contrary to the evidence." (2) "That the verdict of the jury was contrary to the law in the case." (3) "That the verdict of the jury was contrary to the charge of the court," was properly overruled and denied. Nothing was offered in support of either ground of the motion for a new trial, and from what has been said the motion was not well taken.

The record proper is regular in all respects, no error being apparent thereon.

No error appearing throughout the entire trial, necessitates an order here that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.